IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:21-CR-376-D
No. 5:26-CV-113-D

| | | |
|---|---|---|
| LAWRENCE TERRELL ROGERS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent. | ) | |

On February 17, 2026, Lawrence Terrell Rogers ("Rogers" or "petitioner") moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 120-month sentence [D.E. 60]. On February 25, 2026, the court directed Rogers to file his motion on the proper form [D.E. 61]. On March 11, 2026, Rogers filed his motion on the proper form [D.E. 62]. On April 22, 2026, the United States moved to dismiss Rogers's section 2255 motion [D.E. 66] and filed a memorandum in support [D.E. 67]. See Fed. R. Civ. P. 12(b)(6). On April 23, 2026, the court notified Rogers of the motion to dismiss, the consequences of failing to respond, and the response deadline [D.E. 68]. See Roseboro v. Garrison, 528 F.2d 309, 310 (4th Cir. 1975) (per curiam). On May 12, 2026, Rogers responded in opposition [D.E. 69, 70]. As explained below, the court grants the United States' motion to dismiss Rogers's section 2255 motion, dismisses Rogers's section 2255 motion, and denies a certificate of appealability.

I.

On October 6, 2021, a grand jury in the Eastern District of North Carolina charged Rogers with possessing with the intent to distribute 500 grams or more of a mixture and substance

containing cocaine in violation of 21 U.S.C. § 841(a)(1) (count one) and possessing a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A) (count two). See [D.E. 1]. On April 11, 2024, without a plea agreement, Rogers pleaded guilty to counts one and two. See [D.E. 33, 53]. During the Rule 11 proceeding, the court placed Rogers under oath and ensured that Rogers knowingly and voluntarily entered a guilty plea to the crimes charged in counts one and two. See Rule 11 Tr. [D.E. 53] 3–26; Fed. R. Crim. P. 11. During the Rule 11 proceeding, the United States also offered a factual basis for Rogers's guilty plea. The Assistant United States Attorney proffered that an officer with the Franklin County Sheriff's Office observed Rogers driving his car very close to a dump truck. Rule 11 Tr. 22. The officer initiated a traffic stop and smelled marijuana as he approached the car. See id. The officer asked Rogers to step out of his car, and Rogers admitted the car contained marijuana after the officer informed two responding officers that the officer smelled marijuana. See id. at 22–23. The officers searched the car and located the marijuana. See id. at 23. During the search, the officers "noticed some unusual trim and carpeting in the car, making them believe that there was an after-market compartment located in the vehicle." Id. The Franklin County Sheriff's Office towed the car, and investigators obtained a warrant to search the car. See id. From that compartment, investigators recovered approximately one kilogram of cocaine and three handguns. See id. Rogers's counsel clarified that Rogers spoke to the officers outside of the vehicle but did not otherwise object to the Assistant United States Attorney's proffer. See id. at 24. Rogers stated that he pleaded guilty to the crimes charged in counts one and two, that he did in fact commit those crimes, and that he pleaded guilty of his own free will. See id. at 24–25. The court then accepted Rogers's guilty pleas to the crimes charged in counts one and two. See id. at 25.

2

On July 8, 2024, the court held Rogers's sentencing hearing. See [D.E. 43]; Sent'g Tr. [D.E. 51]. The court adopted the facts as set forth in the Presentence Investigation Report ("PSR"). See PSR [D.E. 39]; [D.E. 46] 1; Sent'g Tr. 4. The court calculated Rogers's total offense level to be 21, his criminal history category to be II, and the advisory guideline range to be 60 months' imprisonment on count one and 60 months' consecutive imprisonment on count two. See PSR ¶¶ 52–63, 66; Sent'g Tr. 5; [D.E. 46] 1. After thoroughly considering all relevant factors under 18 U.S.C. § 3553(a), the court sentenced Rogers to 60 months' imprisonment on count one and 60 months' consecutive imprisonment on count two. See Sent'g Tr. 5–21; [D.E. 45] 3. On August 1, 2024, Rogers appealed. See [D.E. 47]. On January 8, 2025, the United States Court of Appeals for the Fourth Circuit granted Rogers's motion to voluntarily dismiss his appeal and the mandate issued. See [D.E. 54, 55].

On February 17, 2026, Rogers moved pro se under 28 U.S.C. § 2255 to vacate, set aside, or correct his 120-month sentence. See [D.E. 60]. On March 11, 2026, Rogers filed his motion on the proper form. See [D.E. 62]. On April 22, 2026, the United States moved to dismiss Rogers's section 2255 motion. See [D.E. 66, 67]. On May 12, 2026, Rogers responded in opposition. See [D.E. 69, 70].

II.

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief can be granted" tests a petition's legal and factual sufficiency. Fed. R. Civ. P. 12(b)(6); see Ashcroft v. Iqbal, 556 U.S. 662, 677–78 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555–63, 570 (2007); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008); accord Erickson v. Pardus, 551 U.S. 89, 93–94 (2007) (per curiam). In considering a motion to dismiss,

3

a court need not accept a petition's legal conclusions. See, e.g., Iqbal, 556 U.S. at 678. Similarly, a court "need not accept as true unwarranted inferences, unreasonable conclusions, or arguments." Giarratano, 521 F.3d at 302 (citation omitted); see Iqbal, 556 U.S. at 677–79. Moreover, a court may take judicial notice of public records without converting a motion to dismiss into a motion for summary judgment. See, e.g., Fed. R. Evid. 201(d); Tellabs, Inc. v. Makor Issues & Rts., Ltd., 551 U.S. 308, 322 (2007); Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009).

In reviewing a section 2255 petition, the court is not limited to the petition itself. The court may consider "the files and records of the case." 28 U.S.C. § 2255(b); see United States v. Dyess, 730 F.3d 354, 359–60 (4th Cir. 2013); United States v. McGill, 11 F.3d 223, 225 (1st Cir. 1993). Likewise, a court may rely on its own familiarity with the case. See, e.g., Blackledge v. Allison, 431 U.S. 63, 74 n.4 (1977).

The "Sixth Amendment entitles criminal defendants to the effective assistance of counsel— that is, representation that does not fall below an objective standard of reasonableness in light of prevailing professional norms." Bobby v. Van Hook, 558 U.S. 4, 7 (2009) (per curiam) (cleaned up). The Sixth Amendment right to counsel extends to all critical stages of a criminal proceeding, including plea negotiations, trial, sentencing, and appeal. See, e.g., Lee v. United States, 582 U.S. 357, 363–65 (2017); Lafler v. Cooper, 566 U.S. 156, 164–65 (2012); Missouri v. Frye, 566 U.S. 134, 140 (2012); Glover v. United States, 531 U.S. 198, 203–04 (2001); Hill v. Lockhart, 474 U.S. 52, 57–60 (1985).

To state a claim of ineffective assistance of counsel in violation of the Sixth Amendment, Rogers must plausibly allege that his attorney's performance fell below an objective standard of reasonableness and that he suffered prejudice as a result. See Strickland v. Washington, 466 U.S. 668, 687–91 (1984). When determining whether counsel's representation was objectively

4

unreasonable, a court must be "highly deferential" to counsel's performance and must attempt to "eliminate the distorting effects of hindsight." Id. at 689. Therefore, the "court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. As for performance, a party must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. at 687.

"Surmounting Strickland's high bar is never an easy task." Harrington v. Richter, 562 U.S. 86, 105 (2011) (citation omitted). "An ineffective-assistance claim can function as a way to escape rules of waiver and forfeiture and raise issues not presented at trial, and so the Strickland standard must be applied with scrupulous care, lest intrusive post-trial inquiry threaten the integrity of the very adversary process the right to counsel is meant to serve." Id. (cleaned up). The "standard for judging counsel's representation is a most deferential one." Id. "Unlike a later reviewing court, the attorney observed the relevant proceedings, knew of materials outside the record, and interacted with the client, with opposing counsel, and with the judge." Id. "It is all too tempting to second-guess counsel's assistance after conviction or adverse sentence. The question is whether an attorney's representation amounted to incompetence under prevailing professional norms, not whether it deviated from best practices or most common custom." Id. (cleaned up).

A person asserting an ineffective assistance of counsel claim also must show that counsel's deficient performance was prejudicial. See Strickland, 466 U.S. at 691–96. A person does so by showing that there is a "reasonable probability that, but for" the deficient performance, "the result of the proceeding would have been different." Id. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. The Supreme Court based this "additional 'prejudice' requirement" on the "conclusion that 'an error by counsel, even if professionally

5

unreasonable, does not warrant setting aside the judgment of a criminal proceeding if the error had no effect on the judgment.'" Hill, 474 U.S. at 57 (quoting Strickland, 466 U.S. at 691).

In assessing prejudice, Strickland "asks whether it is 'reasonably likely' the result would have been different." Harrington, 562 U.S. at 111 (quoting Strickland, 466 U.S. at 696). Strickland "does not require a showing that counsel's actions 'more likely than not altered the outcome,' but the difference between Strickland's prejudice standard and a more-probable-than-not standard is slight and matters 'only in the rarest case.'" Harrington, 562 U.S. at 111–12 (quoting Strickland, 466 U.S. at 693, 697). "The likelihood of a different result must be substantial, not just conceivable." Id. at 112 (citation omitted).

When a defendant pleads guilty and later attacks his guilty plea, "to satisfy the prejudice requirement, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." Hill, 474 U.S. at 59 (quotations omitted); see Lee, 582 U.S. at 364–65. "[S]uch an individual 'must convince the court' that such a decision 'would have been rational under the circumstances.'" United States v. Fugit, 703 F.3d 248, 260 (4th Cir. 2012) (quoting Padilla v. Kentucky, 559 U.S. 356, 372 (2010)). "Surmounting Strickland's high bar is never an easy task, and the strong societal interest in finality has special force with respect to convictions based on guilty pleas." Lee, 582 U.S. at 368–69 (cleaned up).

"Requiring a showing of prejudice from defendants who seek to challenge the validity of their guilty pleas on the ground of ineffective assistance of counsel [serves] the fundamental interest in the finality of guilty pleas . . . ." Hill, 474 U.S. at 58 (quotations omitted). "Every inroad on the concept of finality undermines confidence in the integrity of our procedures; and, by increasing the volume of judicial work, inevitably delays and impairs the orderly administration

6

of justice." Id. (citation omitted). "The impact is greatest when new grounds for setting aside guilty pleas are approved because the vast majority of criminal convictions result from such pleas." Id. (citation omitted).

"[I]f a defendant alleges that he has accepted a government plea offer based on the erroneous advice of counsel, but entered that plea only after the misadvice was corrected by the trial court at the Rule 11 hearing, then he will not be able to show the necessary causal link between counsel's error and his decision to plead guilty." United States v. Mayhew, 995 F.3d 171, 179–80 (4th Cir. 2021) (cleaned up); see United States v. Yelizarov, 140 F.4th 597, 604–05 (4th Cir. 2025), cert. denied, 146 S. Ct. 345 (2025); United States v. Akande, 956 F.3d 257, 262–63 (4th Cir. 2020); United States v. Foster, 68 F.3d 86, 88 (4th Cir. 1995). "Generally, a court should dismiss a claim in a [section] 2255 motion that contradicts a petitioner's sworn statements made during a Rule 11 plea colloquy." Yelizarov, 140 F.4th at 605; see United States v. Lemaster, 403 F.3d 216, 219–22 (4th Cir. 2005).

Rogers argues that his counsel rendered ineffective assistance of counsel when counsel "did not perform any investigation whatsoever as to the laws regarding" potential defenses to count two. [D.E. 62] 4. Rogers believes such a defense would have merit because "though [he] possessed firearms and illegal drugs, . . . [he] did not brandish [his] firearms or actively employ [the] firearm in furtherance of a drug trafficking crime." Id.

Rogers does not plausibly allege ineffective assistance of counsel. The elements of count two are that the defendant "(1) committed a drug trafficking offense and (2) possessed a firearm (3) in furtherance of that drug offense." United States v. Moody, 2 F.4th 180, 192 (4th Cir. 2021); see United States v. Dennis, 19 F.4th 656, 667–68 (4th Cir. 2021); United States v. Baker, 598 F. App'x 165, 174 (4th Cir. 2015) (per curiam) (unpublished); United States v. Howard, 773 F.3d

7

519, 527 (4th Cir. 2014); United States v. Jeffers, 570 F.3d 557, 565 (4th Cir. 2009). "A firearm is possessed in furtherance of a drug crime, when the possession of a firearm furthered, advanced, or helped forward a drug trafficking crime." Baker, 598 F. App'x at 174 (cleaned up); see United States v. Huskey, 90 F.4th 651, 666 (4th Cir. 2024); United States v. Lomax, 293 F.3d 701, 705 (4th Cir. 2002). To determine whether the defendant possesses a firearm in furtherance of the drug trafficking offense, the court considers "the type of drug offense, the type of firearm, its proximity to drugs and drug profits, its accessibility, whether the firearm is illegally possessed, whether the firearm is stolen, whether the firearm is loaded, and the general circumstances surrounding the possession." Moody, 2 F.4th at 192; see United States v. Myrick, 150 F.4th 308, 320 (4th Cir. 2025); Huskey, 90 F.4th at 666.

The offense charged in count one of the indictment is a drug trafficking crime. See 18 U.S.C. § 924(c)(2); 21 U.S.C. § 841(a)(1). The location of three pistols in the car's secret compartment alongside approximately a kilogram of cocaine provided a sufficient factual basis for Rogers's guilty plea and satisfied the contested elements of count two. See Myrick, 150 F.4th at 320; Huskey, 90 F.4th at 666; Dennis, 19 F.4th at 667–68; Moody, 2 F.4th at 192. Moreover, during the Rule 11 hearing, the court explained the elements of count two to Rogers, and Rogers stated that he understood the elements of count two and that he was guilty of the crime charged in count two. See Rule 11 Tr. 21, 24–25. To the extent Rogers contends that he did not commit the crime charged in count two, Roger's sworn statements during the Rule 11 proceeding bind him. See Yelizarov, 140 F.4th at 605; Lemaster, 403 F.3d at 219–22. Moreover, the crime charged in count two did not require proof that Rogers brandished or actively employed the three firearms in the drug trafficking crime. See Baker, 598 F. App'x at 174; Howard, 773 F.3d at 527; Jeffers, 570 F.3d at 565; Lomax, 293 F.3d at 705. Thus, Rogers does not plausibly allege ineffective assistance.

8

See Knowles v. Mirzayance, 556 U.S. 111, 124 (2009) (explaining that counsel did not perform deficiently where counsel "recommended the withdrawal of what he reasonably believed was a claim doomed to fail"); United States v. Kimler, 167 F.3d 889, 893 (5th Cir. 1999); cf. Beaver v. Thompson, 93 F.3d 1186, 1195 (4th Cir. 1996) ("[A]n allegation of inadequate investigation does not warrant habeas relief absent a proffer of what favorable evidence or testimony would have been produced."); Bassette v. Thompson, 915 F.2d 932, 940–41 (4th Cir. 1990) (same).

Rogers also argues that his counsel rendered ineffective assistance when counsel did not file a motion to suppress evidence from the August 11, 2021 traffic stop and subsequent car search. See [D.E. 60] 1–3.[1] Rogers contends that the motion would have been granted because officers unlawfully prolonged the traffic stop before searching his car for marijuana. See id. at 2.

A "refined" Strickland analysis applies to Rogers's claims about the unfiled motion to suppress. United States v. Pressley, 990 F.3d 383, 388 (4th Cir. 2021) (citation omitted); see United States v. Billings, No. 22-4311, 2025 WL 636307, at *2 (4th Cir. Feb. 27, 2025) (per curiam) (unpublished); Grueninger v. Dir., Va. Dep't of Corrs., 813 F.3d 517, 524 (4th Cir. 2016). As for deficiency, Rogers must plausibly allege that the unfiled motion would have "some substance." United States v. McNeil, 126 F.4th 935, 942 (4th Cir. 2025) (cleaned up); see Pressley, 990 F.3d at 388; Grueninger, 813 F.3d at 524–25; Tice v. Johnson, 647 F.3d 87, 104 (4th Cir. 2011). If so, Rogers must plausibly allege the absence of reasonable strategic reasons that warranted not filing the motion. See McNeil, 126 F.4th at 942; Pressley, 990 F.3d at 388. As for prejudice, Rogers must plausibly allege "that the motion was meritorious and likely would have been granted" and "a reasonable probability that granting the motion would have affected the

---

[1] Rogers did not raise this argument in the motion he refiled on the proper form. Compare [D.E. 60], with [D.E. 62]. Nevertheless, the court addresses the argument.

9

outcome of his trial." Grueninger, 813 F.3d at 525; see Kimmelman v. Morrison, 477 U.S. 365, 375 (1986); McNeil, 126 F.4th at 942; United States v. Taylor, 54 F.4th 795, 803 (4th Cir. 2022); Pressley, 990 F.3d at 388; Tice, 647 F.3d at 104.

A motion to suppress would have lacked any substance. "[A] traffic stop is reasonable if (1) the stop is legitimate at its inception and (2) the officer's actions during the stop are reasonably related in scope to the basis for the stop." United States v. Perez, 30 F.4th 369, 375 (4th Cir. 2022); see United States v. Bowman, 884 F.3d 200, 209–10 (4th Cir. 2018). The first prong of this test is satisfied "whenever it is lawful for police to detain an automobile and its occupants pending inquiry into a vehicular violation." United States v. Palmer, 820 F.3d 640, 649 (4th Cir. 2016); Arizona v. Johnson, 555 U.S. 323, 330–31 (2009). "Without question, such a violation may include failure to comply with traffic laws." Palmer, 820 F.3d at 649; see United States v. Green, 740 F.3d 275, 279 n.1 (4th Cir. 2014) (noting that "ample support" existed for finding a traffic stop justified at inception where officer testified that he observed windshield tints which "appeared to violate Virginia law").

The second prong "restricts the range of permissible actions that a police officer may take after initiating a traffic stop." Palmer, 820 F.3d at 649. "[T]he tolerable duration of police inquiries in the traffic-stop context is determined by the seizure's mission—to address the traffic violation that warranted the stop and attend to related safety concerns." Rodriguez v. United States, 575 U.S. 348, 354 (2015) (cleaned up); see United States v. Jordan, 952 F.3d 160, 165–66 (4th Cir. 2020). Authority for the seizure "ends when tasks tied to the traffic infraction are" or "reasonably should have been" completed. Rodriguez, 575 U.S. at 354; see Perry, 92 F.4th 500, 510 (4th Cir. 2024). "If a traffic stop is extended in time beyond the period that the officers are completing tasks related to the traffic infractions, the officers must either obtain consent from the

10

individuals detained or identify reasonable suspicion of criminal activity to support the extension of the stop." United States v. Hill, 852 F.3d 377, 381 (4th Cir. 2017); see United States v. Smart, 91 F.4th 214, 223–25 (4th Cir. 2024); Perez, 30 F.4th at 375; Bowman, 884 F.3d at 211.

Rogers does not contend that the stop was illegitimate at inception. During the stop, the officer who approached Rogers while Rogers was seated in his car smelled marijuana. See Rule 11 Tr. 22; Sent'g Tr. 14; PSR ¶ 7. After Rogers got out of his car, Rogers told the officers that his car contained marijuana. See Rule 11 Tr. 22–23; Sent'g Tr. 15; PSR ¶ 7. Thus, the officers had reasonable suspicion to extend the traffic stop. See Smart, 91 F.4th at 223–25; Perez, 30 F.4th at 375; Bowman, 884 F.3d at 211; Hill, 852 F.3d at 381. And the same facts provided the officers with probable cause to search the car for marijuana. See United States v. Carson, __ F.4th __, 2026 WL 1965954, at *5 (4th Cir. 2026); United States v. Humphries, 372 F.3d 653, 658 (4th Cir. 2004). Nevertheless, after discovering marijuana and observing a suspicious compartment that officers believed contained contraband, the officers obtained a warrant and searched the compartment, finding the cocaine and three handguns. See Rule 11 Tr. 23. Moreover, Rogers does not plausibly allege the absence of reasonable strategic reasons for not moving to suppress the evidence. See McNeil, 126 F.4th at 942; Pressley, 990 F.3d at 388. Thus, Rogers fails to plausibly allege deficient performance.

Alternatively, and as explained, a motion to suppress evidence would have failed. See Kimmelman, 477 U.S. at 375; McNeil, 126 F.4th at 942; Taylor, 54 F.4th at 803; Pressley, 990 F.3d at 388; Grueninger, 813 F.3d at 525; Tice, 647 F.3d at 104. Thus, Rogers does not plausibly allege prejudice, and the court rejects his argument about counsel's failure to file a motion to suppress.

11

After reviewing the claims presented in Roger's motion, the court finds that reasonable jurists would not find the treatment of Rogers's claims debatable or wrong, and that the claims do not deserve encouragement to proceed any further. Accordingly, the court denies a certificate of appealability. See 28 U.S.C. § 2253(c); Miller-El v. Cockrell, 537 U.S. 322, 336–38 (2003); Slack v. McDaniel, 529 U.S. 473, 484 (2000).

### III.

In sum, the court GRANTS respondent's motion to dismiss [D.E. 66], DISMISSES petitioner's section 2255 motions [D.E. 60, 62], and DENIES a certificate of appealability.

SO ORDERED. This 17 day of July, 2026.

JAMES C. DEVER III
United States District Judge

12